NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIZABETH DALTON, ADMINISTRATRIX OF THE ESTATE OF JOHN McAVOY, DECEASED, PETITIONER, v. R. B. DAVIS COMPANY, RESPONDENT.

For the petitioner, *John J. Hoffman.*

For the respondent, *Edward E. Kuebler.*

\*      \*      \*      \*      \*      \*      \*

A petition was filed by the petitioner as administratrix of the estate of John McAvoy, deceased, in which petition it was alleged that the decedent, John McAvoy, was employed by the R. B. Davis Company on January 18th, 1921; that while so employed the decedent was carrying sheet tin which accidently slipped, cutting all his fingers of the right hand, and causing an infection to set in, resulting in the amputation of the fourth finger of the right hand. It was also alleged that an informal hearing was held on April 21st, 1921, at which time the petitioner was awarded temporary disability consisting of four weeks and two days, amounting to $52, and permanent disability to the extent of fifteen weeks, amounting to $180, making a total compensation payment of $232.

It was also alleged that the decedent, John McAvoy, died on July 3d, 1930, and that unpaid drafts for the above permanent disability were found among his effects on or about November 1st, 1936.

The petitioner, as administratrix of the estate of John McAvoy, in the petition, seeks payment of the sum of $232, with interest from April 21st, 1921.

To this petition an answer was filed by the respondent, in which the respondent denied the accident, notice, causal relationship and disability, and further contended that the petition filed herein was not filed within time prescribed by statute and that the workmen's compensation bureau of the department of labor was without jurisdiction in the matter.

The matter came on for hearing before me, a referee of the workmen's compensation bureau, on April 6th, 1937, at the court room in Jersey City, at which time a motion was made, for and on behalf of the respondent, to dismiss the petition on the ground that it had not been filed within the time prescribed by statute, and that this court was without jurisdiction in the matter.

After argument by counsel for the petitioner and counsel for the respondent, I am of the opinion that the petition was not filed within the time prescribed by statute, and that this court is without jurisdiction to hear the matter.

It is, therefore, on this 20th day of April, 1937, ordered that the petition filed in the above entitled matter, be and is hereby dismissed.

JOHN C. WEGNER,
*Referee.*